KONENKAMP, Justice
(concurring in result).
[¶ 93.] Although I agree that there has been no actual taking of private property here, this case approaches the limits of regulatory encroachment. In amending its rules on road hunting, the Legislature struck a difficult balance between the interests of hunters and landowners, a balance that falls within constitutional limits. Indeed, as the United States Supreme Court recognized, these questions have “proved to be a problem of considerable difficulty.” Penn Central, 438 U.S. 104, 123, 98 S.Ct. 2646, 2659, 57 L.Ed.2d 631. Here, the difficulty has been overcome by a careful balancing of equities. If hunters obey all existing laws governing road hunting, then the interference to landowners from shooting oyer private property at wild game in flight from or across a public road will be minimal.
[¶ 94.] Nonetheless, to say that there is no taking here because the State is only “decriminalizing” a certain hunting provision is to ignore the State’s comprehensive regulatory system controlling every aspect of hunting. By making an exception to the general prohibition in SDCL 41-9-1 against hunting on private property without owner consent, the Legislature has itself effectively granted consent to hunters to shoot over private property as if it were in the public domain. No other conclusion can be gained from a plain reading of the statute. It provides in relevant part that lawful “hunting on highways or other public rights-of-way includes ... (2)[t]he shooting at or taking by legal methods of small game, except mourning dove, that are in flight over private land if the small game has either originated from or has taken flight from the highway or public right-of-way or if the small game is in the process of flying over the highway or public rightrof-way.” SDCL 41-9-1.1(2) (emphasis added).
[¶ 95.] A contrary conclusion reached by the Court that the statute does not encourage shooting over private property is simply incorrect.- Legislative consent now legitimizes the shooting at certain small game that are in flight a short distance within private property boundaries. The fact that hunters must be licensed by the State and be hunting during the lawful season set by the State before they can shoot over private property only fortifies this conclusion. Saying that landowners still maintain their civil remedies and that they may protect themselves against tres *164 pass by suing road hunters cannot mollify the State’s part in consenting to road hunting on private property.
[¶ 96.] Despite these concerns, however, the Legislature is entitled to balance the benefits and burdens here without being responsible for a taking under eminent domain. The huge benefit the State obtains through tourism and recreational hunting outweighs any transient and marginal interference to landed interests caused by road hunters who are otherwise obeying all state hunting laws.[18] As the United States Supreme Court, wrote, “ ‘Government hardly could go on if to some extent values incident to property could not be diminished without paying for every such change in the general law,’ ... and this Court has accordingly recognized, in a wide variety of contexts, that government may execute laws or programs that adversely affect recognized economic values.” Penn Central, 438 U.S. at 124, 98 S.Ct. at 2659, 57 L.Ed.2d 631 (quoting Mahon, 260 U.S. at 413, 43 S.Ct. at 159, 67 L.Ed. 322).
[¶ 97.] I cannot agree with the Landowners’ argument that they have suffered a permanent taking of their property to the extent of 900 feet on the other side of their fence lines. Compensating landowners for a permanent taking of their property is untenable because the State has not permanently occupied any property by its change in hunting laws. At worst, the interference here is episodic and seasonal. The thought of sending a state compensation check to a landowner each time some bird shot crosses a property line seems excessive. Any property damage that might be caused in general by shooting at birds in flight is speculative. The land suffers no diminution in value, and it retains all its legitimate economic productivity. Penn Central, 438 U.S. at 124-25, 98 S.Ct. at 2659, 57 L.Ed.2d 631.
[¶ 98.] Nonetheless, what is worrisome about the Court’s decision today is its rationale. It reasons that private property can be opened to public use through the expedient of “decriminalizing” the very laws that protect private property. This ignores an essential function of our constitutional form of government. James Madison, the author of the private property clause in the Fifth Amendment, wrote, “A Government is instituted to protect property of every sort.... This being the end of government, that alone is a just government, which impartially secures to every man, whatever is his own.” Ralph Ketcham, James Madison: A Biography, 330 (Univ. of Virginia Press 1990).
[¶ 99.] We need not imagine too vigorously in order to capture the flaw in the Court’s logic. What other offenses might be “decriminalized” to promote public use of private land? This “decriminalization” rationale is unnecessary to reach the conclusion that there is no taking of property here under our state and federal constitutions. We should go no further than to decide, under the Supreme Court’s well-established balancing of interests test, that shooting over private property at wild game in flight from or across a public road is a minimal intrusion and therefore is not compensable. Penn Central, 438 U.S. at 136-37, 98 S.Ct. at 2665-66, 57 L.Ed.2d 631.
[¶ 100.] Finally, for those who might hold greater designs on private property for public recreational uses, they would do well not to be emboldened by today’s rul *165 ing. The Court’s rationale is questionable and not likely to withstand keener constitutional scrutiny in future cases.
[¶ 101.] Accordingly, I concur only in the result on Issue 3.

. An illustration of how little loss the Landowners can show here is evident in the examples of hunter violations they assert to support their claim. Many of the examples they offer, like firing near homes or livestock, shooting at birds that are not in flight from or across a road, and trespassing while armed, remain criminal violations of existing law.